LILLIE G. STALKER, Appellee, v. E. L. CARROLL, Appellant.

**NEW TRIAL:** Verdict—Excessiveness. A verdict will not be set
1  aside because apparently excessive in a small amount, when the appeal record reveals nothing as to the instructions.

FRAUD: Elements—Lack of Personal Gain. The perpetrator of a fraud
2    may not defend on the ground that he derived no personal profit
     from the transaction.

*Appeal from Union District Court.*—HOMER A. FULLER, Judge.

JUNE 22, 1923.

THE opinion sufficiently states the case.—*Affirmed.*

*E. A. Lee,* for appellant.

*Frank B. Wilson,* for appellee.

WEAVER, J.—Mrs. Lillian G. Stalker subscribed for the pur-
chase of 120 shares of the capital stock of the Atlas Motor Truck
Company, paying therefor the sum of $1,400 in money, and
making her promissory notes to said company for the further
sum of $10,600. One of the notes so given for $3,000 came into
the hands of the Creston National Bank, which obtained Mrs.
Stalker's renewal note, and thereafter brought suit thereon to
enforce collection. Mrs. Stalker admitted making the note, but
set up a defense of want of consideration, and alleged that the
original note was procured from her by the false and fraudulent
representations of the company, acting by its officers and repre-
sentatives, E. C. Carroll, O. N. Frazier, and J. F. Livingood,
all of whom she impleaded as defendants in a cross-petition,
and demanded that, in the event that she was found liable to
the bank, she should be awarded a like recovery against said
cross-defendants. In the further progress of the case, the issues
as between the bank and Mrs. Stalker were decided in favor
of the former, while the issues joined upon the cross-petition
were submitted to a jury, which returned a verdict against the
cross-defendant Carroll for $3,000 and accumulated interest and
costs. Said defendant's motion for a new trial was overruled,
judgment was entered upon the verdict, and Carroll appeals.
But two errors are assigned for a reversal.

1. It is first said that the verdict is excessive in amount,
and given under the influence of passion and prejudice. In
support of this assignment, the only specification pointed out is

that the jury, in finding for the plaintiff, computed interest on the principal sum of $3,000 from October 25, 1918, instead of from November 25, 1918, the date of the original note alleged to have been wrongfully obtained from her. Were the record all before us, and the alleged excess clearly shown, we should not hesitate to require a remission of the comparatively trifling sum of $15; but appellant has not seen fit to include in his abstract the charge of the court to the jury, and we must presume that the instructions were correct, and justified the verdict returned. It further appears from the printed abstract that, in her cross-petition, the plaintiff claimed interest from October 25, 1918; and the assignment of error upon such allowance must be over-ruled.

2. The second and only other error assigned is that the verdict is not sustained by the evidence. The principal reliance expressed by counsel with respect to this objection is that the evidence does not show that "appellant got any of Mrs. Stalker's money for personal gain or misappropriated any of it, but on the other hand, he received no personal profit from any phase of the venture." All this may be true; but it constitutes no defense to the woman's claims that he assisted in deceiving and misleading her, to her serious injury. The brief in support of the appeal is quite perfunctory. It cites no authority and discusses no ultimate facts. There was no motion for a directed verdict in the court below; no exceptions to any of the instructions. We are assured, however, that the "verdict was a surprise to appellant and to everyone who heard the case," and the meager showing in the record presented is explained by saying that "appellant and his counsel may have been too confident in the trial of said case that the appellee would be unable to show that appellant got any of her property for his personal use; and the record in this case shows that he did not; and appellant did not preserve in the record the arguments of appellee's counsel and some other matters referred to by appellee, and is, therefore, not presenting those objections to this court." Counsel have made no attempt to discuss the details of the evidence offered on the trial, and it is not within our province to go through the record

in search of errors which are neither assigned nor argued. It is sufficient for us to say there was a case made for the jury, and the verdict returned must stand. The judgment below is, there- fore,—*Affirmed.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.